## WINEBRENNER v. BESANT.

(District Court, D. Maryland. March 22, 1926.)

**1. Habeas corpus ⊚═45(1).**

Federal courts will issue writ of habeas corpus only when federal question is involved.

**2. Habeas corpus ⊚═45(1)—That petitioner, for whom committee was appointed, is capable of caring for himself and his estate, does not entitle him to writ of habeas corpus from federal court (Code Pub. Gen. Laws Md. 1924, art. 16, § 52).**

That petitioner is physically and mentally capable of taking care of himself and his estate, and that committee of his person and estate, appointed under Code Pub. Gen. Laws Md. 1924, art. 16, § 52, should be discharged, does not entitle him to issuance of writ of habeas corpus by federal court.

**3. Habeas corpus ⊚═45(5)—Federal courts will generally await determination of highest state court, and appeal to United States Supreme Court before interfering with state court by habeas corpus.**

Rather than interfere with administration of justice by state court by issuing writ of habeas corpus, federal courts will generally await determination of highest state court, and even then will generally leave petitioner to his remedy by writ of error to United States Supreme Court.

**4. Habeas corpus ⊚═45(3)—Petitioner, who consented to appointment of committee, held not entitled to habeas corpus from federal court on ground that restraint during criminal trial would deny due process, equal protection of laws, right of speedy and public trial, and right to be informed of nature of accusation, and abridge his privileges and immunities (Code Pub. Gen. Laws Md. 1924, art. 16, § 52; Const. U. S. Amends. 5, 6, 14).**

Petitioner, who because of fear of criminal prosecution under federal narcotic laws, consented to appointment of committee under Code Pub. Gen. Laws Md. 1924, art. 16, § 52, and commitment to sanitorium, *held* not entitled to writ of habeas corpus on ground that his restraint during trial of criminal charge would deny due process of law, right to speedy and public trial, right to be informed of nature of accusation, and equal protection of laws, and abridge his privileges and immunities as citizen, under Const. U. S. Amends. 5, 6, 14; his remedy being by applying to state court.

**5. Habeas corpus ⊚═113(3).**

An appeal lies from grant or refusal of writ of habeas corpus.

Habeas Corpus. Petition by David Charles Winebrenner, Jr., against G. Mantz Besant, committee of the person and estate of said petitioner. Petition dismissed.

Isaac Lobe Straus, of Baltimore, Md., for petitioner.

SOPER, District Judge. On March 16, 1926, David Charles Winebrenner, Jr., filed a petition in this court praying for the issuance of a writ of habeas corpus, directed to the committee of his person and estate, and requiring the production of the petitioner before the court in order that inquiry might be made into the cause of his restraint. R. S. § 755 (Comp. St. & 1283), provides that upon a petition for a writ of habeas corpus the court shall forthwith award the writ, unless it appears from the petition itself that the party is not entitled thereto. It is necessary, therefore, to examine the allegations of the petition, which, for the purpose of this decision, are accepted as facts.

Winebrenner was arrested on October 7, 1925, charged with violation of the federal narcotic laws, and was released on bail for hearing before the United States commissioner, which took place on October 27, 1925. Three days before the hearing, Winebrenner's sons filed a petition in the circuit court for Frederick county, under the provisions of article 16, § 52, of the Maryland Code, charging that Winebrenner was habitually addicted to the use of cocaine, and incapable of taking care of himself and his estate, and praying for the appointment of a committee of his person and estate. The petition was supported by the certificate of two physicians. Winebrenner filed an answer on the same day, admitting the allegations of his sons' petition, submitted himself to the jurisdiction of the court, and consented to enter an institution for a period of 12 months, and such further period as the court might consider necessary for his complete reformation.

Accordingly, the committee was appointed, and Winebrenner was committed to the Laurel Sanitarium, an institution for the treatment of persons afflicted with mental and nervous diseases. Notwithstanding these proceedings, Winebrenner was in fact not so incapable as the pleadings showed. He was sick in body and nervous in mind, and in great fear of the prosecution of the criminal offenses with which he was charged, and was led by one of his sons into the mistaken belief that he would escape a rigorous prosecution if he assented to a commitment to the sanitarium before the hearing was held by the United States commissioner; but he was capable of taking care of himself and of his property, and there was no actual need for the appointment of the committee.

It did not take him long to discover his error. On November 16, 1925, he caused himself to be examined by three other physicians who reported that it was chiefly his

physical condition which required attention, and that he should be released from confinement in the Laurel Sanitarium and submit himself to the care of a competent physician in a general hospital. Accordingly, on November 20, 1925, he filed a petition in the circuit court for Frederick county, praying for the discharge of the committee, upon the condition that he submit himself to the care of a physician in a general hospital. He said that he had consented to the original decree under a mistake and under a great fear of the United States prosecution, substantially as above set out. Thereupon the court, after conference with counsel for all the parties concerned, and with their consent and approval, passed an order directing Winebrenner's transfer to a general hospital, but reserved the question of rescission of the original decree for further consideration.

At his new place of confinement, Winebrenner made satisfactory progress, and in the early part of January, 1926, he caused himself to be re-examined by seven doctors, including the three last referred to. They reported that his mental condition was normal, and his physical condition had so far improved that he was suffering only from a moderate degree of arterio-sclerosis. They recommended that he be given entire freedom of person and estate. Their report was brought to the attention of the circuit court for Frederick county by a petition filed by Winebrenner, again praying for the committee's discharge, and on January 19, 1926, the court passed an order requiring the original petitioners to show cause why the relief should not be granted. Answers were filed by Winebrenner's wife and sons, objecting to the discharge on the ground that there was no certainty of his permanent reformation until he had abstained for a longer period from the use of intoxicants and narcotics. They therefore objected to the granting of the prayer of the petition, but expressed a willingness, subject to the court's approval, that he be discharged from the hospital.

This is the present status of the case in the circuit court for Frederick county. No effort by either party seems to have been made to bring the issue to trial, although there have been unsuccessful negotiations for settlement. Winebrenner says that his wife and sons are opposing his complete discharge from the custody of the committee for mercenary motives only, and have offered to give their consent if he will convey a considerable portion of his estate of $60,000 · to his wife and release his sons from a substantial indebtedness. Since he has refused this compromise, his wife and sons intend to contest his release in every possible way, including, if necessary, an appeal to the Court of Appeals of Maryland and a writ of error to the Supreme Court of the United States.

[1] The federal courts will issue a writ of habeas corpus only when a federal question is involved. Rose on Federal Procedure, § 437. The petitioner asserts that federal questions are involved in several respects. He has information that the criminal charges against him will be called for trial in April or May of this year. He says that, if he is obliged to go to trial whilst still under the restraint of person or estate by the committee, he will not be free to select and assist his counsel, to seek witnesses, and to freely attend and take part in the trial of his case, and that he will not have control of the necessary funds. He claims, therefore, that he will be deprived of the rights guaranteed him by the Fifth Amendment to the Constitution of the United States, that no person shall be deprived of his life, liberty, or property without due process of law, and by the Sixth Amendment, that an accused shall enjoy the right to a speedy and public trial, and to be informed of the nature and cause of the accusation, etc. He also claims that the control of his person and estate by the committee, under the authority of the state court, is an abridgment by the state of his privileges and immunities as a citizen of the United States under indictment, a deprivation of his liberty and property without due process of law, and a denial of the equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States.

[2] If it be assumed that Winebrenner is physically and mentally capable of taking care of himself and of his estate, and that the committee should be therefore discharged, it does not follow that he is entitled to the writ of habeas corpus. In a very recent case, United States v. Tyler, 46 S. Ct. 1, 70 L. Ed. ——, the Supreme Court has said: "The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in

rare cases where exceptional circumstances of peculiar urgency are shown to exist."

[3] Rather than interfere by writ of habeas corpus, the federal court will usually await the determination of the highest court of the state, and even then will generally leave the petitioner to his remedy by writ of error to the Supreme Court of the United States. United States v. Tyler, supra; New York v. Eno, 15 S. Ct. 30, 155 U. S. 89, 39 L. Ed. 80; Drury v. Lewis, 26 S. Ct. 229, 200 U. S. 1, 50 L. Ed. 343.

[4, 5] There are no circumstances in this case of so unusual a character as to justify the issuance of the writ. It is not apparent, in the first place, that Winebrenner is being deprived of any right to which he is entitled. The proceedings in the circuit court for Frederick county, under which the committee was appointed, were in conformity with the statutory law of Maryland. The custody of the person and estate by the committee was assented to by Winebrenner on two occasions: (1) In his answer to the original petition, when he was led to pretend a weakness of mind and body, in order to influence the prosecution in the United States court; and (2) on November 21, 1925, after he had recovered from his dread of the United States court, when he consented to the continuance of the committee pending treatment in a general hospital. Since that time, although he has applied for release from the committee's control on the ground of complete recovery, he has made no attempt to bring his case to trial, and no reason is suggested in the petition for the writ why he cannot have his case decided as justly and expeditiously in the circuit court for Frederick county as in this court. Even if it is likely that there will be an appeal from the decision of the state court, there is no advantage to be gained by issuing the writ, because an appeal lies from the grant or refusal of a writ of habeas corpus. Rose on Federal Procedure, § 444.

Furthermore, there is no foundation of fact in the petition for the claim that the control of the committee will in any way hinder Winebrenner in his defense to the indictment in this court. The circuit court for Frederick county expressly declared at the outset of the suit that its original decree was passed subject to the exercise of the federal jurisdiction in the criminal cases, and the second order of the court on November 21, 1925, was also passed subject to the jurisdiction of the United States court for the district of Maryland in the criminal cases. Winebrenner has made no application to the circuit court to secure a greater control, either of his person or of his estate, so that he may more readily defend the federal cases. It is a certainty that the court, upon request, will afford him every facility for adequate preparation and defense. How little there is in the point becomes obvious when it is observed with what prodigality he has been supplied with the services of professional men in the past five months. In the criminal cases, he has had at least four lawyers who have served him skillfully. He says he did not select them, but he expressly disclaims any criticism of their work, and he has made no effort to replace them. Three other lawyers, presumably of his own choice, have appeared for him in Frederick county, and one of them has filed the instant petition. When one considers that, since his arrest, he has been served by two courts of justice, two hospitals, seven lawyers, and nine doctors, surely it cannot be said that the interests of his person have been neglected, whatever be the fact in regard to his estate.

It is not without interest that Winebrenner, having fallen into the pit which he dug for this court, now seeks this court's deliverance. He was ensnared, so he says, by a mistaken dread of the court, inspired by a designing son. This dread he no longer feels, but in its place, it would seem, he is filled with apprehension at the thought of trying his civil case in the court of the county of his residence. Having heretofore attempted to use the state court to mitigate the action of this tribunal, he now would use the federal court to interrupt the state court's function. There is, perhaps, as much justification for his last action as for his first. In any event, all that this court can do is to afford him in due time a fair trial of the criminal charges, and to remit him to the circuit court for Frederick county for further proceedings to regain control of his person and estate.

The petition for the writ of habeas corpus is hereby dismissed.